| | |
|---|---|
| 1 | SCOTT N. SCHOOLS (SCSBN 9990)<br>United States Attorney |
| 2 | |
| 3 | BRIAN J. STRETCH (CASBN 163973)<br>Acting Chief, Criminal Division |
| 4 | ALLISON MARSTON DANNER (CASBN 195046)<br>Assistant United States Attorney |

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7144
Fax: (415) 436-7234
Email: allison.danner@usdoj.gov

Attorneys for Plaintiff

**FILED**

DEC 1 0 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 07-0455 VRW |
| Plaintiff, | ) ) | **STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME FROM SPEEDY TRIAL ACT CALCULATION** (18 U.S.C. § 3161(h)(8)(A)) |
| v. | ) ) | |
| FERNANDO RENDON-GUTIERREZ, | ) ) | |
| Defendant. | ) ) | |

With the agreement of the parties in open court, and with the consent of defendant Fernando Rendon-Gutierrez, the Court enters this order documenting defendant's exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), from December 6, 2007 through February 7, 2008, the date of defendant's next appearance before this Court. The parties agree, and the Court finds and holds, as follows:

1.    On September 7, 2007, defendant filed a motion for substitution of counsel and return of seized funds. The seized funds in question were the subject of a civil forfeiture proceeding, United States v. $73,306 in United States Currency, No. C 07-3680 MEJ.

2.    Defendant and his former counsel, Steven Kalar, appeared for a status hearing before this Court on October 25, 2007 in the criminal case pending against the defendant.

Because of the possibility that settlement of the forfeiture case might affect defendant's choice of counsel, this Court scheduled the next status conference date in the above-captioned matter for December 6, 2007. To allow for effective preparation of counsel, as well as continuity of current counsel, on October 25, 2007 defendant agreed to an exclusion of time under the Speedy Trial Act.

3. At the status hearing on December 6, 2007, Steven Kalar stated that the forfeiture proceedings had been resolved and that a portion of the seized funds had been returned to the defendant. These funds have been used by defendant to hire private counsel, Scott Sugarman. Defendant and his current counsel agree that failure to grant the requested continuance would unreasonably deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence, in this case.

4. Given these circumstances, the Court found that the ends of justice served by excluding the period from December 6, 2007 through February 7, 2008 outweigh the best interest of the public and the defendant in a speedy trial. Id. at § 3161(h)(8)(A).

5. Accordingly, and with the consent of the defendant at the hearing on December 6, 2007, the Court ordered that the period from December 6, 2007 through February 7, 2008 be excluded from Speedy Trial Act calculations under 18 U.S.C. § 3161(h)(8)(A) & (B)(iv).

IT IS SO STIPULATED.

DATED: December 7, 2007      /s/
                             SCOTT SUGARMAN
                             Attorney for Defendant

DATED: December 7, 2007      /s/
                             ALLISON MARSTON DANNER
                             Assistant United States Attorney

IT IS SO ORDERED.

DATED: 12/10/07

VAUGHN R. WALKER
Chief Judge, United States District Court

2