JOSEPH P. RUSSONIELLO (CASBN 44332)
United States Attorney

BRIAN J. STRETCH (CASBN 163973)
Chief, Criminal Division

ALLISON MARSTON DANNER (CASBN 195046)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-7144
Fax: (415) 436-7234
Email: allison.danner@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FERNANDO RENDON-GUTIERREZ, <br><br> Defendant. | No. CR 07-0455 VRW <br><br> UNITED STATES' SENTENCING MEMORANDUM <br><br> Date: July 10, 2008 <br> Time: 2:00 p.m. <br><br> Court: The Honorable Vaughn R. Walker |

Defendant Fernando Rendon-Gutierrez has pleaded guilty to a single count of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(b), pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. He is scheduled to be sentenced by this Court on July 10, 2008. The United States respectfully requests that this Court impose the sentence jointly agreed to by the parties: 46 months imprisonment, three years of supervised release, and a $100 special assessment.

A.     Applicable Guidelines Range.

In 1999, defendant was convicted of unlawful sexual intercourse with a minor, in violation of Cal. Pen. Code § 261.5(d). He was sentenced to sixty days in jail and thirty-six

months of probation. (PSR ¶ 8.) In 2000, defendant was convicted of lewd and lascivious acts with a child, in violation of Cal. Pen. Code § 288(c)(1). (PSR ¶ 9.) He was sentenced to three years' imprisonment. Defendant was deported to Mexico in 2001. He voluntarily returned to the United States and was found in the United States by immigration authorities in 2007.[1]

Under the advisory Sentencing Guidelines, defendant's base offense level for the instant offense is 8. U.S.S.G. § 2L1.2(a). Because defendant has been convicted of a "crime of violence," as defined by U.S.S.G. § 2L1.2, his base offense level is increased by 16 points.[2] Defendant receives a three-point adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1. These calculations result in an offense level of 21. As calculated by the Probation Office, defendant's criminal history category results in 9 criminal history points, which places him in criminal history category IV under the Sentencing Guidelines. U.S. Sentencing Guidelines Manual ch. 5, pt. A. Combining these figures yields a sentencing range of 57-71 months under the guidelines. *Id.*

B.   *A Sentence of 46 Months is Reasonable in This Case.*

Although the Sentencing Guidelines are always a "starting point" in determining an appropriate sentence, the sentencing court "must make an individualized determination based on the facts" of the case, considering the factors enumerated in 18 U.S.C. § 3553(a). *United States v. Carty,* 520 F.3d 984, 991-92 (9th Cir. 2008). Defendant's sentencing memo lays out in detail several mitigating factors regarding defendant's history. In particular, defendant has maintained gainful employment, has worked to support his daughter (emotionally and financially), and has only been deported once from the United States. Further, the sentence agreed to by the parties is substantially longer than any of defendant's prior periods of incarceration, none of which appears

---

[1] As defendant admitted in writing in the plea agreement and orally during the plea colloquy, the relevant date for defendant's being found in the United States is Mach 15, 2007 and not October 2006, as suggested in defendant's sentencing memorandum. (Defendant's Sentencing Memorandum at 2.)

[2] U.S.S.G. § 2L1.1 defines "crime of violence," in part, as "any of the following . . . statutory rape [and] sexual abuse of a minor. . . ." U.S.S.G. § 2L2.1 cmt.

to have lasted more than one year. For these reasons, a forty-six month sentence is reasonable, taking into consideration the "totality of the circumstances" of defendant's case. *Id.* at 993.

For these reasons, the government respectfully requests that this Court impose a sentence of forty-six months imprisonment, three years of supervised release, and a special assessment of $100.

DATED: July 8, 2008              Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Allison M.

ALLISON MARSTON DANNER
Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0455 VRW                    -3-